1

2                       **UNITED STATES DISTRICT COURT**

3                        **EASTERN DISTRICT OF CALIFORNIA**

4

5   **MELVIN LOWELL HAWKINS, JR.,**              **CASE NO. 1:17-CV-0470 AWI EPG**

6              **Plaintiff**

7              **v.**                            **ORDER DISMISSING CASE AS**
                                                 **FRIVOLOUS AND CLOSING MATTER**

8   **DAVID WESLEY, et al.,**

9              **Defendants**                    (Doc. No. 1)

10

11

12          On April 4, 2017, Plaintiff filed this matter that purports to be a civil rights lawsuit.

13  Plaintiff is proceeding pro se and is a prisoner at the California Substance Abuse Treatment

14  Facility in Corcoran, California.  Plaintiff captions his complaint as "MELVIN LOWELL

15  HAWKINS JR, registered trade name/business entity, and Hawkins, Melvin Lowell, registered

16  trade name holder and real party in interest."    Plaintiff names as Defendants David Wesley,

17  David Wesley's husband, Jackie Lacey, and Jackie Lacey's husband.  An exhibit to the Complaint

18  includes of a certificate of service that names David Wesley as "dba presiding judge," and names

19  Jackie Lacey as "dba prosecutor."  An address of 210 West Temple St., Los Angeles, CA is listed.

20  The address 210 West Temple St. is the location of the Clara Shortridge Foltz Criminal Justice

21  Center in Los Angeles County, CA.[1]  David Wesley is a judge on the Los Angeles Superior

22  Court.[2]  Jackie Lacey is the District Attorney of Los Angeles County.[3]  For the reasons that

23  follow, Plaintiff's complaint will be dismissed as frivolous and this case will be closed.

24

25  [1] The Court takes judicial notice under Fed. R. Evid. 201 of the following website:
    http://www.lacourt.org/courthouse/info/CCB

26
27  [2] The Court takes judicial notice under Fed. R. Evid. 201 of the following website:
    https://www.lacourt.org/judicialofficers/ui/SearchResult.aspx.

28  [3] The Court takes judicial notice under Fed. R. Evid. 201 of the following website:  http://da.co.la.ca.us/about/meet-
    the-da.

1   *Factual Background*

2    The Complaint is not a model of clarity.  Plaintiff purports to grant his name (Hawkins,

3   Melvin Lowell) and his registered trade name "MELVIN LOWELL HAWKINS JR" to the court

4   for the future return of this interest.  Plaintiff also makes claim to his free will and right of

5   dominion over his own body, blood, DNA, all properties, and all hereditaments.  Plaintiff states

6   that he is a "private, non-statutory, non-citizen, de jure American in the de jure original

7   jurisdiction, not a 'person,' not a 'citizen,' not named in an U.S. or state 'code,' and not a 'person'

8   as defined in the Trading With The Enemy Act as modified by the Emergency Banking Relief Act

9   . . . ."  Plaintiff states that David Wesley is being sued in his personal capacity because he was

10  "operating in his ministerial capacity, enforcing statutes . . . ."  Plaintiff states that this case began

11  as an administrative remedy for civil rights violations, but "has now been reduced to a breach of

12  contract as all defendants admitted, via their own willful and voluntary default on the

13  administrative process, that they are guilty and they owe the amount requested by the plaintiffs,

14  and they failed to object or state any claim to immunity."  Plaintiff states that Defendants refused

15  to respond to various documents that he served upon them, and that he has "established 'judicial

16  estoppel' against Defendants, as evidence by the Certificate of Dishonor/Administrative Judgment

17  Nihil Dicit, testified to by Eileen Raye, a public minister . . . ."  The documents served on

18  Defendants claim to be an "Affidavit of Obligation [which] is a commercial instrument . . . ."

19  Plaintiff request $136,840,000.00 in damages.

20   *Legal Framework*

21   In order to state a claim, "a complaint must contain sufficient factual matter, accepted as

22  true, to state a claim to relief that is plausible on its face."  Iqbal v. Aschcroft, 556 U.S. 662, 678

23  (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

24  court draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

25  Iqbal, 556 U.S. at 678.  A complaint may be dismissed for failure to state a claim where there is

26  the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

27  legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v.

28  Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008).  In reviewing a complaint, courts

1   are not required "to accept as true allegations that are merely conclusory, unwarranted deductions

2   of fact, or unreasonable inferences."  Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4

3   (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  An action

4   is "frivolous" if it has no arguable basis in fact or law; the term embraces both inarguable legal

5   conclusions and fanciful factual allegations.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);

6   Barnard, 635 F. App'x at 389.   A court may *sua sponte* dismiss a complaint for failure to state a

7   claim, without providing notice or an opportunity to respond, where the plaintiff cannot possibly

8   win relief.  Barnard v. United States Gov't, 635 F. App'x 389 (9th Cir. 2016); Sparling v.

9   Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988); Omar v. Sea-Land Service, Inc., 813

10  F.2d 986, 991 (9th Cir. 1987); Herrejon v. Ocwen Loan Servicing, LLC, 980 F.Supp.2d 1186,

11  1194 (E.D. Cal. 2013); Young v. Hawaii, 911 F.Supp.2d 972, 995 (D. Haw. 2012).

12      *Discussion*

13      It is apparent that Plaintiff is attempting to use non-applicable law to either obtain his

14  release from custody, or obtain money from the judge and prosecutor of his criminal conviction.

15      The nature of the Complaint indicates that Judge Wesley would be entitled to absolute

16  judicial immunity against Plaintiff's claims.  See Moore v. Brewster, 96 F.3d 1240, 1243-44 (9th

17  Cir. 1996).  Because of the nature of judicial immunity, amendment with respect to Judges Wesley

18  would be futile.  Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997).

19      The nature of the Complaint also indicates that District Attorney Lacey is entitled to

20  absolute prosecutorial immunity.  See Van de Kamp v. Goldstein, 555 U.S. 335, 342-43 (2009).

21  Because of the nature of prosecutorial immunity, amendment with respect to District Attorney

22  Lacey would be futile.  See Smith v. Delaware, 624 Fed. Appx. 788, 790-91 (3d Cir. 2015); Lopez

23  v. County of L.A., 2016 U.S. Dist. LEXIS 1339, *21 (N.D. Cal. Jan. 5, 2016); Douglas v. Miller,

24  864 F.Supp.2d 1205, 1221 (W.D. Ok. 2012).

25      Moreover, no plausible cause of action is alleged in the Complaint.[4]  The allegations and

26  apparent theories for Plaintiffs' claims are specious and fanciful.  Plaintiff attempted to create

27

28  _____

[4] The Court notes that Plaintiff cites 42 U.S.C. §§ 1981 and 1985, but no factual allegations support plausible claims under these statutes.

unilateral liability by sending what purports to be a commercial paper, specifically an "affidavit of obligation for claim upon public hazard bonds demand for release," to a sitting superior court judge and the district attorney of Los Angeles.  Plaintiff's complaint is reminiscent of the discredited theories of the "sovereign citizen" movement.  Cf. Koshkaryan v. Kuhl, 2017 U.S. Dist. LEXIS 49711, *5 (E.D. Cal. Mar. 31, 2017); Leiter v. Kenney, 2016 U.S. Dist. LEXIS 172482 (D. Minn. Oct. 26, 2016); Smithson v. York Cnty. Ct. of Common Pleas, 2016 U.S. Dist. LEXIS 102674 (M.D. Pa. Aug. 3, 2016); Payne v. Kilda, 2016 U.S. Dist. LEXIS 14968 (E.D. Mich. Jan. 6, 2016); Alexio v. Obama, 2015 U.S. Dist. LEXIS 168035 (D. Haw. Dec. 16, 2015); Nunez v. D.T.C., 2013 U.S. Dist. LEXIS 138514, *6 (D. S.C. Aug. 30, 2013).  Because the allegations and bases for the Complaint's theories are frivolous, amendment would be futile.

Plaintiffs' claims are specious and frivolous, and no plausible claims are alleged.  See Neitzke, 490 U.S. at 325; Wilson, 668 F.3d 1136, 1145 n. 4.  Because amendment would be futile and Plaintiff cannot possibly win relief, the Court will dismiss this case as frivolous and for failure to state a claim.  See Neitzke, 490 U.S. at 325; Barnard, 635 F. App'x at 389; Sparling, 864 F.2d at 638; Omar, 813 F.2d at 991; Herrejon, 980 F.Supp.2d at 1194; Koshkaryan, 2017 U.S. Dist. LEXIS 49711 at *1-*5 (dismissing as frivolous a complaint that is essentially identical to Plaintiff's complaint).

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1.	This case is DISMISSED as frivolous and for failure to state a claim; and

2.	The Clerk shall CLOSE this case.


IT IS SO ORDERED.

Dated:   April 7, 2017	_____

	SENIOR  DISTRICT  JUDGE