UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN LOWELL HAWKINS, JR., <br><br> Plaintiff <br><br> v. <br><br> DAVID WESLEY, et al., <br><br> Defendants | CASE NO. 1:17-CV-0470 AWI EPG <br><br> ORDER FOR THE RETURN OF SUBMITTED DOCUMENTS |

On April 4, 2017, Plaintiff filed this matter that purports to be a civil rights lawsuit. Plaintiff is a prisoner and his lawsuit is against a judge in Los Angeles County and the Los Angeles County District Attorney.

On April 7, 2017, the Court *sua sponte* dismissed the case as frivolous and for failure to state a claim. See Doc. No. 2. The Court explained that the complaint contained specious and fanciful theories that were reminiscent of the discredited "sovereign citizen" movement. See id. The Court noted that it appeared that Plaintiff was attempting to obtain his release and/or obtain money damages from the judge and prosecutor in his criminal case. See id. The case was closed and judgment was entered the same day. See Doc. No. 3.

On April 24, 2017, the Court received documents from Plaintiff and Eileen Raye, who purports to be the "Public Minister for the plaintiff." The documents are a letter from Eileen Raye, an "Amended Bill In Equity" and attached exhibits, four summonses. Copies of these documents are included with this order as "Attachment A." The Court will not accept the documents or permit them to be filed. First, there is no indication that Eileen Raye is an attorney. Because she is not a licensed attorney, Eileen Raye cannot represent or appear for Plaintiff in this Court. See Barrios v. New York City Hous. Auth., 564 F.3d 130, 132-33 (2d Cir. 2009); Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); Local Rule 183(a). Second, this case was closed pursuant to an order that found that there was no possibility that Plaintiff could prevail.

That is, the order necessarily found that amendment would be futile and thus, not permitted. Third, the "Amended Bill In Equity" suffers from the same defects as the Complaint and is specious, fanciful, and frivolous. Cf. Barnard v. United States Gov't, 635 F. App'x 389 (9th Cir. 2016) (holding that a court may *sua sponte* dismiss a complaint for failure to state a claim, without providing notice or an opportunity to respond, where the plaintiff cannot possibly win relief); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (same); Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) (same); Herrejon v. Ocwen Loan Servicing, LLC, 980 F.Supp.2d 1186, 1194 (E.D. Cal. 2013) (same); Young v. Hawaii, 911 F.Supp.2d 972, 995 (D. Haw. 2012) (same).

Therefore, the Court will not accept Plaintiff's documents, rather the Court will order the Clerk to return the documents to Plaintiff. The Court/Clerk's office will not accept any additional documents that are similar to the documents in Attachment A, but will return those documents to Plaintiff without lodging or filing them. The Court will not accept any motions for reconsideration in this closed case.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk shall not separately file the documents in Attachment A;
2. The Clerk shall return the original documents in Attachment A to the Plaintiff;
3. The Clerk shall not accept any documents similar to those in Attachment A, but shall instead return those documents to the Plaintiff without filing or lodging the documents;
4. The Court will not accept any motions for reconsideration in this case; and
5. This case remains CLOSED.

IT IS SO ORDERED.

Dated: 4-25-17

Senior District Judge